UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SOL ANGGY G.B.,

Petitioner,

v.

CHRISTOPHER CHESTNUT, *et al.*,

Respondents.

Case No. 1:26-cv-01807-JLT-CDB (HC)

ORDER DIRECTING COUNSEL TO FILE SUPPLEMENTAL DECLARATION IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY'S FEES PURSUANT TO 28 U.S.C. § 2412

(Doc. 18)

**7-Day Deadline**

Petitioner Sol Anggy G.B. ("Petitioner"), formerly a federal detainee proceeding by counsel, initiated this action with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Following briefing by the parties, on April 6, 2026, the presiding district judge adopted the undersigned's findings and recommendations, granted the petition for writ of habeas corpus, and ordered Respondents to release Petitioner from custody. (Docs. 11, 16). Judgement in Petitioner's favor was entered that same day. (Doc. 17).

Pending before the Court is the motion of Petitioner's counsel Karen Pedraza for the award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 18).[1] Respondents did not file an opposition or otherwise reply to the motion and the time to do so has expired.

[1] This case was reassigned to the undersigned on July 7, 2026. (Doc. 19).

## I. Governing Authority

The EAJA provides for an award of attorney fees and costs to private litigants who prevail "in any civil action (other than cases sounding in tort)" against the United States and timely file a petition for fees. 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, a court shall award attorney fees to the prevailing party unless it finds the government's position was "substantially justified or that special circumstances make such an award unjust." 28 U.S.C. § 2412(d)(1)(A).

## II. Discussion

As Respondents do not oppose the motion for attorney's fees, the Court will proceed to analyze whether the fee request is reasonable.

In determining what constitutes "reasonable" attorney's fees under the EAJA, "the district court must apply the hybrid approach adopted in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)." *United States v. $12,248 U.S. Currency*, 957 F.2d 1513, 1520 (9th Cir. 1991). "First, the district court must calculate the lodestar amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. [citation omitted]. Next, in rare instances, the court may increase or reduce the presumptively reasonable lodestar fee on the basis of factors" that are not captured by the lodestar calculation. *Id*.

The Ninth Circuit maintains a list of the statutory maximum hourly rates authorized by the EAJA, adjusted for increases in the cost of living, on its website. *See Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005); "Statutory Maximum Rates," *available at* https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited August 13, 2026). This maximum rate (presently $258.46) controls unless the district court finds that a "special factor" warrants a higher rate (*Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001)), such as "where the quality of representation resulted in a degree of success beyond what would be reasonably expected at that rate." *Int'l Woodworkers of Am., AFL-CIO, Local 3-98 v. Donovan*, 792 F.2d 762, 766 (9th Cir. 1985).

Here, Respondents did not file an opposition and thus do not raise any challenge to the reasonableness of the amount of fees requested by counsel for Petitioner. Counsel attaches to her motion a timesheet itemizing the time spent on this action. (Doc. 18-1). Counsel purports to attach

both an attorney declaration and an affidavit from the Petitioner but no such declarations or affidavits are attached. *See* (Doc. 18 at 4, 9). The Court notes that the itemization sheet does not provide a sum total of the time billed and certain entries do not provide sufficient information to assess whether the time spent was reasonable; for instance, counsel's itemization states that ".5 hours" were spent on "Consent to Magistrate Judge," without elaboration as to why such time was needed for this task and what the activities therefor entailed. *See* (Doc. 18-1 at 2). The Court has conducted a calculation and finds that Pedraza Law Corporation spent approximately 13.58 hours on tasks associated with litigating the case.

Including all time spent on counsel's itemization sheet (13.58 hours) and multiplying the hours by the applicable maximum rate ($258.46) results in a total of $3,511.69. However, here, the Court is confronted with another issue. The itemization of time states a total amount of $3,205.26, based on two different billing rates, one at $250.00 per hour and another at $150.00 per hour. The timesheet does not make clear the person that billed each rate. It is unclear whether counsel billed two separate hourly rates based on the tasks undertaken or whether a paralegal or member of staff billed the lower of the two rates.

Counsel seeks $3,205.00 and states, without elaboration, that she "has exercised billing judgment to reduce or eliminate time spent on this matter that appeared excessive" and the "hours multiplied by the inflation-adjusted EAJA rate for the year in which they were performed yield a lodestar fee request of $3,205." (Doc. 18 at 9). In addition, counsel seeks $3,107.00 in costs. Counsel provides no support whatsoever for this amount. *See id.* As counsel does not provide any singular sum total amount of fees and costs, it appears to the Court that counsel seeks $3,205.00 in fees and $3,107.00 in costs for a total of $6,312.00.

As noted above, it is unclear whether counsel herself billed all the time set forth in the attached itemization sheet, or whether another individual billed the separate $150.00 per hour rate. Counsel fails to attach any declaration clarifying as such. Additionally, the Court has not been provided a clear total of the time billed per individual, nor sufficient accompanying descriptions to assess the reasonability of the time spent, for purposes of evaluating an applicable lodestar. Lastly, counsel fails to support her request for $3,107.00 in costs with any explanation, records, or

declarations.

Thus, the Court will order counsel for Petitioner to file a supplemental declaration addressing the deficiencies outlined above.

## III. <u>Conclusion and Order</u>

Accordingly, it is HEREBY ORDERED that, **within seven (7) days** of entry of this order, counsel shall file a supplemental declaration in support of the motion for award of attorney's fees and costs, attaching all relevant documentation and setting forth the following information:

a. The total time billed at an hourly rate of $250.00;

b. The total time billed at an hourly rate of $150.00;

c. Which individual billed each respective rate and whether they are an attorney, paralegal, or staff;

d. Descriptions accompanying the time billed sufficient to permit the Court to assess the reasonableness of the time spent, and for purposes of evaluating an applicable lodestar; and

e. Descriptions, explanations, and records sufficient to permit the Court to assess the reasonableness of counsel's requested costs in the amount of $3,107.00.

**Any failure by counsel for Petitioner to timely comply with this order will result in a recommendation that the motion be denied**.

IT IS SO ORDERED.

Dated: **August 13, 2026**

UNITED STATES MAGISTRATE JUDGE